UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JANET ALVARAZ ) | Case Number |
| Plaintiff ) | |
| vs. ) | CIVIL COMPLAINT |
| REGIONAL ADJUSTMENT BUREAU, INC. ) | |
| Defendant ) | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Janet Alvarez, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Janet Alvarez, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a principle place of business in this District.

### III. PARTIES

4. Plaintiff, Janet Alvarez, is an adult natural person residing at 1141 NW 70th Avenue, Hollywood, Florida 33024. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Regional Adjustment Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Tennessee and the State of Florida, with a principle place of business located at 7000 Goodlett Farms Parkway, Memphis, TN 38016.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about August 9, 2010, Plaintiff started to receive collection calls from Defendant's agent, "Sam Bishop", collecting on a debt allegedly owed on an HSBC account.

8. Plaintiff was told that she owed the Defendant a balance of approximately $2,977.16.

9. At that time, the Plaintiff informed Defendant's, agent, "Sam Bishop", that she had retained the services of personal legal counsel to aid her in her debt settlement negotiations.

10. Plaintiff asked the Defendant to please call her attorney directly to try and settle this matter.

11. Defendant's, agent, "Sam Bishop", refused to work with Plaintiff's attorney.

12. Defendant's agent, "Sam Bishop", refused to take the telephone number and contact information for Plaintiff's attorney.

13. Plaintiff was urged to take care of this problem immediately and without assistance from her legal counsel.

14. Defendant's agent, "Sam Bishop", insisted that the Plaintiff give him her bank account information over the phone, so that the Defendant could process a payment immediately on this account.

15. Plaintiff again asked the Defendant to call her attorney.

16. Plaintiff ended the call.

17. On or about that same day, Plaintiff's attorney sent a cease and desist letter to the Defendant. See **"EXHIBIT A" (letter) attached hereto**.

18. Plaintiff continued to receive calls from the Defendant.

19. Over the next few days, Defendant's agent, "Sam Bishop", began to place calls to Plaintiff's place of employment demanding payment on this account.

20. Plaintiff told Defendant's agent, "Sam Bishop", that he needed to stop calling her in work, because the Plaintiff was not permitted to receive personal calls to her place employment.

21. Defendant's agent, "Sam Bishop", told the Plaintiff that he could call and that he would continue to call because there was no way the Defendant was working with her attorney.

22. Defendant's agent, "Sam Bishop", placed at least two (2) more calls to the Plaintiff's place of employment in regards to this debt.

23. Plaintiff also continued to receive collection calls from the Defendant at home.

24. Plaintiff tried every time to give the Defendant's agent, the phone number for her attorney.

25. Defendant's agent, "Sam Bishop", still refused to take the number and told the Plaintiff that he would be marking her file as a refusal to pay.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3): | At place of employment when knows the employer prohibits such communication |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |

| | | |
|---|---|---|
| §§ 1692d(5): | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Regional Adjustment Bureau, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: July 15, 2011

**BY:** _/s/ Bruce K. Warren_
Bruce K. Warren, Esquire

**BY:** _/s/ Brent F. Vullings_
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215.745.9800  Fax: 215.745.7880
Attorneys for Plaintiff
bkw@w-vlaw.com
bfv@w-vlaw.com